IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Earl Dillard #220045, | C/A No. 2:19-cv-2393-JFA-MGB |
| Petitioner, | |
| vs. | |
| Scott Lewis, Warden, | **ORDER** |
| Respondent. | |

## I.    INTRODUCTION

Robert Earl Dillard ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Perry Correctional Institution ("Perry"). This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge. The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No.4). In the Report, the Magistrate Judge recommends that this Court summarily dismiss the petition without prejudice and that a certificate of appealability be denied. (ECF No. 6). Plaintiff filed an objection to the Report. (ECF No. 7). Thus, this matter is ripe for this Court's review.

A district court is required to conduct a *de novo* review only of the specific portions of the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct

any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

## II.  DISCUSSION

The instant petition is Petitioner's fourth § 2254 petition challenging his murder convictions.[2] As the Report points out, Petitioner's first § 2254 petition was dismissed with prejudice as time-barred, and therefore it was "one the merits." (ECF No. 4). Then, his second and third petitions were dismissed without prejudice for lack of jurisdiction because they were successive and unauthorized. *Id.* Here, the instant petition contains the same three claims as his two prior petitions. (ECF No. 1).

AEDPA provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall be dismissed.*" 28 U.S.C. § 2244(b)(1)(emphasis added). To qualify as successive, the dismissal of the first habeas petition must have been "on the merits." *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000). An

---

[2] *Dillard v. Warden*, Perry Corr. inst. No. 8:07-cv-1533-JFA, 2008 WL 4200315, at 3 (D.S.C. Sept. 2, 2008); *Dillard v. Cartledge*, No. 2:15-cv-3604-JFA (D.S.C. Feb. 11, 2016); *Dillard v. Lewis*, No. 2:18-cv-3103-JFA (D.S.C. July 29, 2019).

adjudication on the merits for purposes of successiveness includes those petitions which were dismissed as time-barred. *See, e.g., In re Rains*, 659 F.3d 1274, 1275 (10th Cir 2011); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010).

On September 9, 2012, Petitioner filed objections to the Report. (ECF No. 7). In his objections, he contends that the Magistrate Judge erred in concluding that his claims should be dismissed as successive because: (1) he was "denied the right to a fair trial by the state's knowing use of perjured testimony to convict him;" (2) "the trial court lacked subject-matter jurisdiction to convict and sentence him;" and (3) "He suffered a miscarriage of justice when he was convicted upon a standard of guilt below that required by the fourteenth Amendment Due process clause." *Id.* Petitioner's objections fail to grasp the specific reason for the Magistrate Judge's recommendation of dismissal. Accordingly, this Court finds that the instant petition is successive and unauthorized.

### III.  CONCLUSION

After carefully reviewing the applicable law, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Report and Recommendation (ECF No. 4) and dismisses this action without prejudice to petitioner's right to seek authorization from the Fourth Circuit Court of Appeals to file a successive petition and without requiring Respondent to file an answer or return and without issuance and service of process.

Further, this Court finds Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and therefore, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED**.

*Joseph F. Anderson, Jr.*

January 3, 2020                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

---

[3] A certificate of appealability may be issued only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."